**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Jessica and Michael Lawver,<br><br>                              Plaintiffs,<br><br>          v.<br><br>AmSher Collection Services, Inc.; and DOES<br>1-10, inclusive,<br><br>                              Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiffs, Jessica and Michael Lawver, say by way of Complaint against

Defendant, AmSher Collection Services, Inc., as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and the invasions of Plaintiffs'

personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of New Jersey pursuant

to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4.      The Plaintiffs, Jessica and Michael Lawver ("Jessica" and "Michael" and

collectively referred to as "Plaintiff"), are adult individuals residing in Audubon, New Jersey,

and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and each is a "person" as defined by 47 U.S.C. § 153(39).

5.      The Defendant, AmSher Collection Services, Inc. ("AmSher"), is a Delaware business entity with an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by AmSher and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      AmSher at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

#### A.  The Debt

8.      Michael allegedly incurred a financial obligation (the "Debt") to CenturyLink (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to AmSher for collection, or AmSher was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

#### B.  AmSher Engages in Harassment and Abusive Tactics

12.     In or around January 2015, AmSher began calling Plaintiffs in an attempt to collect the Debt.

2

13.     At all times mentioned herein, AmSher called Plaintiffs on their cellular telephones, numbers 910-xxx-6816 and 910-xxx-6817,  using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message.

14.     AmSher used an automated voice when placing calls to Plaintiffs indicating that the call was an attempt to collect a debt from Michael.

15.     During the initial live conversation in January or February 2015, Michael directed AmSher to cease all calls to his cellular number.

16.     Despite having been directed to cease the calls, AmSher continued placing automated calls to Michael in an attempt to collect the Debt.

17.     Jessica did not co-sign for the Debt and is not responsible for its repayment.

18.     Jessica does not know how AmSher acquired her cellular phone number.  Neither Jessica nor Michael had provided it to AmSher or the original creditor.

19.     Jessica did not provide prior express consent to AmSher to place calls to her cellular phone number.

20.     Jessica repeatedly followed automated prompts in order to get her number removed from the account.

21.     Nonetheless, the automated calls persisted.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

28.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     Jessica never provided her cellular telephone number to Defendants or the Creditor and never provided her consent to be contacted on her cellular telephone.

30.     Michael revoked consent to be called during a live conversation with Defendants.

31.     Without prior consent, Defendants contacted Plaintiffs by means of automatic telephone calls or prerecorded messages at the cellular telephones in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32.     Defendants continued to place automated calls to Michael's cellular telephone after being directed to cease the calls and knowing there was no consent to continue the calls. As such, each call placed to Michael was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     The telephone numbers called by Defendants were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

34.     The calls from Defendants to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35.     Defendants' telephone system has the capacity to store numbers in a random and sequential manner.

36.     As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

3.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4.  Liquidated damages;

5.  Punitive damages; and

6.  Such other and further relief that the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 21, 2015

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237